NO. 07-10-00296-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
DECEMBER 16, 2010
--------------------------------------------------------------------------------

 
 SCOTTIE DWAYNE HADNOT, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY;
 
 NO. 47,179-A; HONORABLE ROBERT P. BROTHERTON, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER OF ABATEMENT AND REMAND
 On October 21, 2010, the Court received notice from appellant, Scottie Dwayne Hadnot, that the reporter's record in this case was incomplete in that it did not include the transcript from the hearing on appellant's motion to suppress. Appellant's counsel provided us a copy of a letter specifically addressed to the court reporter that was at the suppression hearing, Dawn Eaton, requesting that she prepare a supplemental reporter's record containing the transcript of that hearing. On November 22, 2010, appellant notified this Court that he had still not received the supplemental reporter's record nor any response from Eaton. As a result, this Court contacted the Official Court Reporter for the 30[th] District Court of Wichita County, Texas, Leslie C. Ryan-Hash, regarding the missing transcript. In response, Ryan-Hash sent a certified letter, return receipt requested, to Eaton requesting the preparation of the supplemental reporter's record. On December 7, 2010, Ryan-Hash notified this Court that she had not received a response from Eaton concerning Ryan-Hash's request for preparation of the supplemental record. A tracking search for this letter reflects that notice was left at the last known address of Eaton, but that the letter had not been picked up by Eaton. 
For these reasons, we now abate and remand this case to the trial court to determine whether the portion of the reporter's record containing the transcript of the July 25, 2008 motion to suppress hearing has been lost or destroyed. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) if, without appellant's fault, a significant portion of the court reporter's notes and records has been lost or destroyed or is inaudible; (2) if so, whether the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and (3) whether the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties. See Tex. R. App. P. 34.6(f). The trial court should enter findings of fact and conclusions of law as to each of these determinations as well as any other issues that might help guide this Court in determining whether a new trial need be ordered. 
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file the above-identified findings of fact and conclusions of law and any other findings, conclusions, or recommendations, and cause them to be included in a supplemental clerks record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporters record; and (4) cause the records of these proceedings to be sent to this Court. In the absence of a request for extension of time from the trial court, the supplemental clerks record and supplemental reporters record, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than January 17, 2011.

 Per Curiam

Do not publish.